UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETER C. MORRISON,<br><br>        Plaintiff,<br><br>    v.<br><br>M/V LIMIT STALKER, *In Rem*, and GREG PACK AND MARY ANN PACK, *In Personam*,<br><br>        Defendants. | CASE NO. C08-600RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF ORDER OF DEFAULT *IN REM* AND DEFAULT JUDGMENT *IN REM* |

This matter comes before the Court on Plaintiff's "Motion for Entry of Order of Default *In Rem* and Default Judgment *In Rem*" (Dkt. #16). Pursuant to Fed. R. Civ. P. 55 and Local Admiralty Rule 130, Plaintiff Peter C. Morrison requests that the Court enter an Order of Default *in rem* against Defendant M/V Limit Stalker, a maritime vessel (the "defendant vessel"). Plaintiff argues that Defendants have failed to file a verified statement of right or interest in accordance with Rule C(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Defendants respond that they have clearly indicated to Plaintiff that Defendant Greg Pack ("Mr. Pack") has continually asserted an interest in the defendant vessel. Furthermore, Defendants indicate that Mr. Pack properly filed a verified statement of interest pursuant to Rule C(6). Therefore Defendants argue that an order of default is unwarranted.

Rule C(6)(a)(1) provides that "a person who asserts a right of possession or any

ownership interest in the property that is the subject of the action must file a verified statement of right or interest: (A) within 10 days after the execution of process; or (B) within the time that the court allows[.]" Based primarily on this language, Plaintiff argues that Mr. Pack failed to file a verified statement of interest, thereby justifying an Order of Default and a Default Judgment *in rem* against the defendant vessel.[1] Plaintiff notes that at the time he filed the instant motion, Defendants had only filed a notice of appearance, which does not qualify as a verified statement of interest under Rule C(6). Significantly, Mr. Pack filed a verified statement of interest on August 4, 2008, five days after Plaintiff filed this motion on July 31, 2008. Therefore Defendants argue that although Mr. Pack did not file a verified statement of interest within 10 days of process pursuant to Rule C(6)(a)(1)(A), the language of Rule C(6)(a)(1)(B) allows the Court to permit a person to file a statement of interest at any time so long as the claimant does not suffer prejudice.

The Court agrees that the language of Rule C(6)(a)(1)(B) precludes an Order of Default *in rem* in the instant case. The Ninth Circuit has expressly held that "[a]lthough the discretion to grant additional time would normally be exercised at or shortly after the time process is executed, nothing in the Rule *imposes a time limit on the exercise of that discretion*." *United States v. 1982 Yukon Delta Houseboat*, 774 F.2d 1432, 1435 (9th Cir. 1985) (emphasis added). Furthermore, a court "should only exercise its discretion to grant additional time where the goals underlying the time restriction and the verification requirement are not thwarted." *Id.* at 1436. "The purpose of the time limit is to force claimants to come forward as soon as possible after the forfeiture proceedings have been initiated so that all interested parties can be heard and the dispute resolved without delay." *Id.*; *see also Key Bank of Puget Sound v. Alaskan Harvester*, 738 F. Supp. 398, 404-05 (W.D. Wash. 1989). Importantly, "pleadings and procedural practices in maritime actions should be applied liberally." *United States v. One Urban Lot Located at 1 Street A-1*, 885 F.2d 994, 1001 (1st. Cir. 1989); *see also United States*

---

[1] Plaintiff only moves for an Order of Default and a Default Judgment *in rem* against the defendant vessel. Plaintiff clearly indicates that his motion does not relate to the *in personam* portion of his case against Mr. Pack and his wife, individually.

ORDER
PAGE - 2

*v. Beechcraft Airplane*, 789 F.2d 627, 630 (8th Cir. 1986) (specifically suggesting a more liberal approach to Rule C(6) where mitigating circumstances exist).

In the instant case, Plaintiff cannot establish that he has suffered undue prejudice or surprise because of Mr. Pack's delayed assertion of interest. This is not the type of situation where a third party has asserted an interest unbeknownst to the claimant at the eleventh hour. It is quite clear that at one point in time, Plaintiff and Mr. Pack shared an ownership interest in the defendant vessel. (Dkt. #1, Pl.'s Compl., ¶ 7). The record also shows through emails exchanged between Plaintiff and a third party that Mr. Pack has maintained his assertion that he has an ownership interest in the defendant vessel. (Dkt. #21, Decl. of Webster, Ex. A). And while Plaintiff disputes the validity of the emails because the third party is not a party to this lawsuit, Plaintiff cannot refute that the third party indicated to Plaintiff that Mr. Pack was not releasing his interest in the defendant vessel. Therefore Plaintiff has known that Mr. Pack has disputed his unilateral ownership.

Mr. Pack's counsel also filed a notice of appearance in this case prior to Plaintiff moving for default. Although a notice of appearance certainly does not constitute a statement of interest, it certainly placed Plaintiff on notice of Defendants' intentions to defend Plaintiff's lawsuit. The record also indicates that once the notice of appearance was filed, Mr. Pack's counsel contacted Plaintiff's counsel in an attempt to resolve the matter without litigation. (Decl. of Webster, ¶ 4). Plaintiff does not expressly refute this point. Moreover, penalizing Defendants for attempting to settle this matter is not a policy the Court wishes to encourage.

Nevertheless, Plaintiff contends in his reply that Mr. Pack's statement of interest is insufficient because no answer was filed in this case by the defendant vessel *in rem*. However, the defendant vessel did in fact file an answer *in rem* on August 12, 2008. (Dkt. #25). Although this was one day after Plaintiff filed his reply, the Court finds that Defendants' failure to immediately file an answer *in rem* cannot form the basis of an Order of Default in this case. *See United States v. One (1) 1979 Mercedes 450SE*, 651 F. Sup.. 351, 355 (S.D. Fla. 1987) (finding that the court was reluctant "to visit the sins of an attorney upon his client" where the party seeking default could show no prejudice). Indeed, it is well-established that "[d]efault

judgments are disfavored and appropriate only in unique circumstances." *Latshaw v. Trainer Worthham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (citation omitted). It is equally well-established that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (citation omitted). As a result, the Court finds it inappropriate to grant Plaintiff's motion because the underlying purpose of Rule 6(a) has not been undermined or otherwise "thwarted" in this case. *See Yukon Delta*, 774 F.2d at 1436. Defendants have established that mitigating circumstances exist for the Court to justify the application of the express statutory language of Rule C(6)(a)(i)(B), which very clearly allows a person to file a statement of interest "within the time the court allows." *See United States v. Lewis*, 67 F.3d 225, 228 (9th Cir. 1995) ("Canons of statutory construction dictate that if the language of a statute is clear, [courts] look no further than that language in determining the statute's meaning.") (citations omitted).

Having reviewed the relevant pleadings, all supporting documents thereto, and the remainder of the record, the Court hereby finds and orders:

(1) Plaintiff's "Motion for Entry of Order of Default *In Rem* and Default Judgment *In Rem*" (Dkt. #16) is DENIED.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this  25  day of August, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE